```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Elizabeth A. Bowen

    v.                                  Civil No. 15-cv-496-JD
                                        Opinion No. 2016 DNH 011
eLanes New Hampshire Holdings, LLC
d/b/a Wendy's Old Fashioned Hamburgers


                      O R D E R


Elizabeth A. Bowen brings state and federal claims that arose from her employment at a Wendy's restaurant in West Lebanon, New Hampshire. Wendy's moves to dismiss Bowen's claims of sexual harassment and unequal pay that are brought under Title VII of the Civil Rights Act of 1964 on the ground that Bowen failed to exhaust those claims. Bowen did not file a response to the motion to dismiss.[1]

## Standard of Review

Wendy's cites Federal Rule of Civil Procedure 12(b)(1) as the basis for the motion to dismiss. Rule 12(b)(1) pertains to motions to dismiss for lack of subject matter jurisdiction. "Although typically a failure to exhaust administrative remedies will bar suit in federal court, the exhaustion requirement is not a jurisdictional prerequisite to filing a Title VII claim in

---

[1] Bowen is represented by counsel.

federal court." Vera v. McHugh, 622 F.3d 17, 29-30 (1st Cir. 2010) (internal quotation marks omitted). Therefore, Rule 12(b)(1) is inapposite to the exhaustion issue.

The motion to dismiss is reviewed under Rule 12(b)(6), which addresses whether the complaint states a claim on which relief may be granted. See, e.g., Jorge v. Rumsfeld, 404 F.3d 556, 558, 564-65 (1st Cir. 2005); Labrecque v. Mabus, 2015 WL 4458987 (D. Me. July 21, 2015); Marcimo v. Thermospas, Inc., 2010 WL 5187760, at *4, n.6 (D. Mass. Dec. 14, 2010). A complaint will be dismissed under Rule 12(b)(6) if the factual allegations, taken in the light most favorable to the plaintiff, fail to show that the plaintiff may recover under a plausible claim. Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015). Although a motion to dismiss under Rule 12(b)(6) is ordinarily decided on the complaint without considering other documents, the court may consider documents submitted with or incorporated into the complaint, official public records, and documents that are central to the plaintiff's claim. Id.; Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

With her complaint, Bowen submitted her right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), an employee warning report from Wendy's, and a copy of Wendy's "Register Operator Policies and Procedures." In support of the

2

motion to dismiss, Wendy's appended Bowen's charge of discrimination to the EEOC, Bowen's right to sue letter, and a demand letter from Bowen's attorney to Wendy's attorney with the motion to dismiss. Wendy's previously submitted the same documents in support of its first motion to dismiss, filed before the case was transferred to this district, and Bowen did not object to consideration of the documents then or now. Further, the submitted documents are central to Bowen's claim and will be considered for purposes of deciding the motion.

## Background

In August of 2013, Bowen was interviewed for a job at a Wendy's restaurant in West Lebanon. The general manager, Gilbert Spiess, conducted the interview. Bowen explained that she had suffered a major stroke about four years before the interview, had had several subsequent episodes, and was susceptible to having more strokes. She said that because of her medical history she had cognitive deficits, extreme fatigue, anxiety, and a loss of executive function that affected her ability to interact with people. Spiess hired Bowen to work as a "Crew Member/Front Register Operator" for twenty-five hours per week.

Bowen was offered the job at $8.00 per hour. Before she got her first paycheck, however, Spiess told Bowen that she

would get $7.75 per hour.  Bowen believed that male employees at Wendy's doing similar work had starting pay at $8.00 per hour.

Bowen's first assignment was to train with Tammy Swenson, an assistant manager, by working at the drive-through window. Swenson yelled at Bowen and at other employees for no reason. The yelling made Bowen's "disabling conditions" worse.  Swenson also blamed Bowen for Swenson's own mistakes.  When Bowen complained to Spiess he reassigned her to work at the front cash registers.

In October of 2013, Bowen went to the hospital because of another mini-stroke.  She brought a doctor's note when she returned to work and explained that the mini-stroke had exacerbated her "disabling conditions."  A few days later, Bowen became ill at work and was taken to the hospital by ambulance. She was told that she was dehydrated and pregnant.

When she returned to work, Bowen told Spiess that she was dehydrated because of her working conditions and that she was pregnant.  She asked to be given break time while working at the cash registers and disagreed with Swenson about how much break time she should have.  Swenson screamed at Bowen in the parking lot about the break issue and whether Bowen was planning to sue Wendy's.  Soon after that incident, Bowen's work hours were reduced.

Bowen alleges that Swenson told other employees that Bowen had previously worked as an exotic dancer. Male employees made sexual remarks to her, and one employee snapped towels at her. A crew leader wanted Bowen to take his telephone number. Bowen did not report these actions to Spiess because Swenson had told employees about Bowen's past work as an exotic dancer when she complained about Swenson's behavior to Spiess.

On October 24, 2013, Swenson issued an "Employee Warning Report" to Bowen because her cash register drawer was short by $7.00. Bowen disagreed with the charge. Swenson nevertheless approved the charge.

Bowen then worked a shift with an assistant manager named Yo-Yo. Yo-Yo said he was going to send some employees home early because business was slow. Bowen asked to leave early because she was tired and worried she would have another mini-stroke. Yo-Yo said she could leave and that she was fired.

When Bowen came to work on November 3, Spiess told her that he had to fire her because Swenson and Yo-Yo said they would quit otherwise, she was not a "good fit" for the job, he had received complaints about her work ethic, she could not follow directions, and she had received a warning about her cash drawer being short. Bowen believes that Wendy's gave her bad references when she applied for other jobs.

5

Bowen filed a complaint with the EEOC on May 13, 2014, alleging discrimination in violation of RSA 354-A. Her statement alleged discrimination based on her disabilities and that she was fired because of her disabilities. On November 14, 2014, the EEOC issued the right to sue letter with the finding that it was "unable to conclude that the information obtained establishes violations of the statutes."

Bowen brought suit against Wendy's in the District of Massachusetts on February 12, 2015. Wendy's moved to dismiss the case, or in the alternative, to transfer the case to this district under 28 U.S.C. § 1404(a). In support of the motion to dismiss, Wendy's argued that Bowen had failed to complete service within the time allowed and should not be granted an extension and that Bowen's claims for sexual harassment and unequal pay under Title VII were not exhausted. The court granted the motion to transfer the case to this district and denied the motion to dismiss as moot. The case was transferred to this district on December 9, 2015.

## Discussion

Wendy's moves to dismiss Bowen's claims under Title VII for sexual harassment (Count Three) and for unequal pay (Count Five) on the ground that neither claim was exhausted in the EEOC proceeding. Bowen did not respond to the motion to dismiss. In

her objection to Wendy's previous motion to dismiss, Bowen argued that her Title VII sexual harassment and unequal pay claims should be allowed because Wendy's had notice of the claims.[2]

In order to bring suit on a claim of employment discrimination under Title VII, a plaintiff first must exhaust the claim by filing a timely complaint with the appropriate agency and by receiving a right to sue letter. Mach Mining v. E.E.O.C., 135 S. Ct. 1645, 1651 (2015); Rivera Diaz v. Humana Ins. of P.R., Inc., 748 F.3d 387, 389-90 (1st Cir. 2014). "[T]he scope of the federal court complaint is constrained by the allegations made in the administrative complaint: the former must bear some close relation to the latter." Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011) (internal quotation marks omitted). To meet that requirement, "the factual statement in the written charge should have alerted the agency to the alternative basis of discrimination that the plaintiff alleges for the first time in court." Id.

In this case, Bowen did not allege facts in her written charge to the EEOC about sexual harassment or unequal pay. Instead, Bowen's factual statement focuses on discrimination

---

[2] Bowen also argued in her prior objection that her "claim under the Unequal [sic] Pay Act did not need to be asserted in her EEOC charge." Wendy's does not seek dismissal of Bowen's claim of violation of the Equal Pay Act (Count Six).

based on her disabilities and makes no mention of sexual harassment or unequal pay.  Bowen essentially concedes as much in her objection to Wendy's first motion to dismiss.[3]

Bowen did not exhaust claims of sexual harassment or unequal pay before the EEOC.  Therefore, those claims are dismissed.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 26) is granted.  Count Three "Title VII Violation:  Sexual Harassment" and Count Five "Title VII Violation: Unequal Pay" are dismissed.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

January 12, 2016

cc:  Christopher Gerard Betke, Esq.
     Matthew J. Lynch, Esq.
     Howard B. Myers, Esq.
     Sibhan M. McCloskey, Esq.

---

[3] Bowen's argument in her prior objection that Wendy's had notice of her claims would not save them.  Whether or not Wendy's was aware of the circumstances she now alleges to support her sexual harassment and unequal pay claims does not affect the exhaustion requirement.